UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. COOPER,<br><br>            Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>            Defendants. | No. 2:13-cv-01233 DAD P<br><br>ORDER |

Plaintiff is a county inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF No. 5.)

**I. In Forma Pauperis Application**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**II.  Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

/////

Case 2:13-cv-01233-DAD   Document 6   Filed 03/20/14   Page 3 of 7

(1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**III.  Plaintiff's Complaint**

In the brief form complaint he has filed in this action, plaintiff states the claim he seeks to present merely as follows:

> I am a state prisoner serving time in a county jail.  I have suffered a heart attack on 10/26/12 and I have high blood pressure.  All due to my accommodations and lack of exercise.  There is no program here, no way to exercise, no exercise equipment.  No way to do what the doctor prescribed, exercise.  Extreme weight gain.

(ECF No. 1 at 3.)

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court will therefore dismiss the complaint and grant plaintiff leave to file an amended complaint that sets forth additional necessary factual allegations.

**IV.  Legal Standards Applicable to an Eighth Amendment Claim**

It is well established that a correctional official's deliberate indifference to a substantial risk of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth Amendment.  Farmer v. Brennan, 511 U.S. 825, 828-29 (1994); Helling v. McKinney, 509 U.S. 25, 31-32 (1993); Wilson v. Seiter, 501 U.S. 294, 302 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834.  There are an objective and a subjective requirement which must be met to state a cognizable claim for violation of one's rights under the Eighth Amendment.  First, with respect to the objective requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id.  Second, the prison official must have a sufficiently culpable state of mind.  See id.  Here the state of mind is one of deliberate indifference.  See id.  Specifically, a prison official who knows of and disregards an excessive risk to an inmate's health or safety demonstrates deliberate indifference.  See id. at 837.  Thus, to state a cognizable Eighth Amendment claim the plaintiff prisoner must allege that the particular

3

prison official was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id.  However, an official that knows of a substantial risk to an inmate's health or safety but acts reasonably under the circumstances will not be held liable under the cruel and unusual punishment clause of the Eighth Amendment, even if the threatened harm results.  See id. at 843.  Therefore, in any amended complaint he elects to file in this action plaintiff must allege facts demonstrating that he faced a substantial risk of serious harm, that the named prison or jail officials knew of and disregarded that risk of harm to plaintiff, and that the actions of the officials were not reasonable.

In any amended complaint he elects to file, plaintiff must provide additional factual allegations regarding his medical condition, the doctor's orders for his medical treatment, the exercise program available at the jail where he is incarcerated, including both indoor and outdoor, and the schedule or frequency of such exercise.  Plaintiff is advised that the long-term denial of outdoor exercise to prisoners is unconstitutional.  See Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir.1996) (citing Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979)), amended by 135 F.3d 1318 (9th Cir.1998).  However, merely denying prisoners access to exercise equipment, by itself, is not a sufficiently serious deprivation to give rise to a violation of the Eighth Amendment.  East v. California Dept. of Corrections, No. 1:09-CV-01739-DLB P, 2010 WL 3463880 at *3 (E.D. Cal. Sept. 1, 2010).

In addition, plaintiff is advised that if he wishes to pursue this action by filing an amended complaint he must therein set forth additional allegations regarding how the jail's alleged lack of an exercise program has adversely impacted his health.  See Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir. 2010) (holding that short-term, temporary deprivations of exercise without medical effects are not sufficiently serious to support an Eighth Amendment claim).[1]

**V. Defendants**

Plaintiff has also not named a proper defendant in his original complaint.  The Civil Rights Act under which this action was filed provides as follows:

---

[1] If available and helpful in explaining any alleged adverse health effects, plaintiff may attach medical records to any amended complaint he elects to file.

4

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The California Department of Corrections and Rehabilitation (CDCR) is not a proper defendant in this civil rights action because CDCR is not a "person" against whom a § 1983 may be brought.  In addition, a suit against CDCR, a state agency, is barred by the Eleventh Amendment.  Alabama v. Pugh, 438 U.S. 781, 782 (1978).  Therefore, in his amended complaint, plaintiff should not name CDCR as a defendant.

Likewise, the Solano County Jail is not a "person" for purposes of a S1983 action.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Social Services, 436 U.S. at 691; Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir.2002) (describing the two routes to municipal liability, where municipality's official policy, regulation or decision violated plaintiff's rights, or alternatively where municipality failed to act under circumstances showing its deliberate indifference to plaintiff's rights), cert. denied, 537 U.S. 1106 (2003).

Here, it appears that the proper defendant or defendants to be named in any amended complaint plaintiff may elect to file would be the jail staff member or members who allegedly denied plaintiff adequate exercise.

**VI. Amended Complaint**

If plaintiff chooses to file an amended complaint, plaintiff must therein allege facts demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

5

amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VII. Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's June 20, 2013 request for leave to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith;

3. Plaintiff's June 20, 2013 complaint is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must answer each

/////

question in the form complaint; failure to file an amended complaint in accordance with this order will result in the dismissal of this action without prejudice; and

    5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

Dated:  March 19, 2014

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Dad1.civilrights
Coop1233.14.docx